**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| CHRISTOPHER SHORTER, | : | **CIV. NO. 17-8911(RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

I. BACKGROUND

On October 23, 2017, Plaintiff Christopher Shorter ("Plaintiff"), a prisoner incarcerated in the Federal Correctional Institution in Miami Florida ("FCI Miami") at the time of filing, filed a civil rights complaint against prison officials at the Federal Correctional Institution ("FCI") Fort Dix, in Fort Dix, New Jersey and an FTCA claim against the United States. (Compl., ECF No. 1.)

On May 15, 2018, the Court granted Plaintiff's renewed IFP application and her motion for leave to file an amended complaint. (Order, ECF No. 6.) The Court screened the Amended Complaint

pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A and allowed several claims to proceed. (Opinion, Order, ECF Nos. 9, 10.)

This matter comes before the Court upon Plaintiff's motion to transfer venue to the Northern District of Florida, pursuant to 28 U.S.C. § 1404(a). (Mot. to Transfer Venue, ECF No. 14.) For the reasons discussed below, the Court will grant Plaintiff's motion to transfer venue.

II. DISCUSSION

Plaintiff was confined in the Federal Correctional Institution in Miami, Florida when she filed this action. (Mot. to Transfer, ECF No. 14.) On February 14, 2019, Plaintiff was released from custody and now resides in Quincy, Florida, within the jurisdiction of the Northern District of Florida, Tallahassee Division. (Id. at 1.) Pursuant to 28 U.S.C. § 1404(a), Plaintiff seeks to transfer this action to the United States District Court, Northern District of Florida, Tallahassee Division as a more convenient venue for Plaintiff to prosecute this action. (Id. at 1-2.) The burden of demonstrating the most convenient forum is on the movant. Lacey v. Cessna Aircraft Co., 862 F.2d 38, 42-43 (3d Cir. 1988). Defendants did not oppose the motion to transfer.

28 U.S.C. § 1404(a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

2

> to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The Northern District of Florida, Tallahassee Division is the District in which Plaintiff now lives and is the most convenient forum for Plaintiff. Plaintiff is a pro se litigant who has recently been released from prison and was granted *in forma pauperis status* to maintain a civil action in the District of New Jersey after establishing her financial eligibility. (Order, ECF No. 6.) Although the individual defendants reside in New Jersey and the actions giving rise to the Amended Complaint occurred in New Jersey, the defendants have not opposed the motion to transfer. "[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." Lacey, 862 F.2d at 42. The Court finds that Plaintiff's pro se status, lack of financial resources, and her release from prison to a residence within the Northern District of Florida, Tallahassee Division makes that District Court the most convenient forum.

III. CONCLUSION

The Court will grant Plaintiff's motion to transfer venue to the United States District Court, Northern District of Florida, Tallahassee Division.

An appropriate Order follows.

Date: March 25, 2019

                                                <u>s/Renée Marie Bumb</u>
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**